IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERICAN EAGLE WHEEL
CORPORATION,

      Plaintiff,                       No. CIV S-06-2593 LKK EFB

    vs.

TIRE & WHEEL OUTLET,
                                      ORDER
      Defendant.
                                /

       The parties submitted on February 13, 2007, a proposed stipulation and order regarding confidentiality and sealing of documents in this litigation.

       Discovery information disclosed in court filings generally is available to the public. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public.") (citations omitted).[1]

       Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). The court

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only through discovery, and which has not been filed with the court. *Seattle Times v. Rhinehart*, 467 U.S. 20, 33, 37 (1984).

1

1 has great discretion to issue protective orders if discovery causes annoyance, embarrassment,
2 oppression, undue burden, or expense. *Id.* at 369. Good cause, however, is required to obtain a
3 protective order. Fed. R. Civ. P. 26(c); *Foltz v State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
4 1130 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)
5 ("Generally, the public can gain access to litigation documents and information produced during
6 discovery unless the party opposing disclosure shows 'good cause' why a protective order is
7 necessary").

8 "Good cause" to bar the public from litigation documents must be more than mere
9 desire. The party seeking protection must show specific prejudice or harm, including, with
10 respect to individual documents, particular and specific need. *Phillips*, 307 F.3d at 1210-11; *San*
11 *Jose Mercury News, Inc.*, 187 F.3d at 1102. "If a court finds particularized harm will result from
12 disclosure of information to the public, then it balances the public and private interests to decide
13 whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citing *Glenmade Trust Co.*
14 *v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

15 Some proposed protective orders enable the parties to designate so much material as
16 "confidential" that, in essence, entire case filings are sealed. The protective order submitted by
17 the parties has the same potential problem, and attempts to bypass the Local Rules for filing
18 documents under seal.[2] This court will not approve a protective order giving blanket authority to
19 the parties to designate what shall be filed under seal.

20 /////
21 /////
22 /////

23

---

24 [2] Paragraph 8 of the proposed stipulation and order provides that parties submitting applications and motions containing confidential information shall be labeled "under seal – do
25 not open without court order . . . consistent with Local Rule 39-141." Local Rule 39-141 contains detailed provisions for obtaining leave to file documents under seal. The parties cannot
26 bypass these provisions by stipulation with one another.

1  Accordingly, the proposed protective order is disapproved, and will not be signed.

2  IT IS SO ORDERED.

3  DATED: February 20, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE