1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    FRANK E. SIEGLITZ  45953
2   MICHAEL J. DAPONDE  204283
    ANDREW D. BLUTH  232387
3   400 Capitol Mall
    Suite 1700
4   Sacramento, CA  95814-4419
    Telephone: (916) 329-4700
5   Facsimile: (916) 441-3583

6   Attorneys for Defendant
    TIRE & WHEEL OUTLET

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                       SACRAMENTO DIVISION

11   _____
                                    )
12   AMERICAN EAGLE WHEEL           )   Civil Action No. 06-CV-2593 LKK-EFB
     CORPORATION,                   )
13                                  )   STIPULATION AND
                        Plaintiff,  )   PROTECTIVE ORDER
14                                  )
          vs.                       )
15                                  )   Judge: Hon. Lawrence K. Karlton
     TIRE & WHEEL OUTLET,           )   Magistrate Judge: Hon. Edmund F.
16                                  )   Brennan
                        Defendant.  )
17   _____)

18        WHEREAS, during the course of this action, Plaintiff AMERICAN

19   EAGLE WHEEL CORPORATION ("Plaintiff") and Defendant TIRE &

20   WHEEL OUTLET ("Defendant") (collectively, the "parties") will seek to

21   obtain discovery of information which the party from whom discovery is

22   sought considers to be confidential or proprietary commercial information,

23   including without limitation sensitive customer information, pricing

24   information, and other proprietary business methods.

25        WHEREAS, Plaintiff and Defendant are competitors in the same

26   industry and one could potentially gain an unfair competitive advantage over

27   the other if such commercially sensitive information is not protected from

28   disclosure.

1      WHEREAS, the purpose of this stipulation is to establish standards for

2  the collection, use, and disclosure of information obtained through discovery

3  and other investigative means, by the attorneys of record for the parties,

4  their agents and/or employees; to maintain a balance between the need for

5  information by those conducting the investigation and discovery and the need

6  of the designating party for protection of its confidential and proprietary

7  information, including the need to minimize intrusiveness; to establish a

8  mechanism to enable the parties to ascertain what information is being or has

9  been collected and to have access to such information limited and to limit

10  the disclosure of information collected in connection with this case to those

11  persons involved in the preparation and presentation of such information to

12  the Court for the purpose of litigating the issues.

13      NOW, THEREFORE, upon consideration of the record and proceedings

14  herein, the stipulation of the parties and pursuant to the provisions of

15  Federal Rules of Civil Procedure, Rule 26(c), IT IS ORDERED THAT:

16      1.      Proceedings Governed:  This Protective Order will govern the

17  discovery and pretrial phase of this action.  The order does not govern

18  proceedings during trial, nor does it prohibit either party from seeking a

19  protective order to govern proceedings during trial.

20      2.      Definitions:

21      a.      Definition of "Confidential":  "Confidential" information

22  is defined as follows:  trade secrets, special formulas, company security

23  matters, marketing materials, customer information, financial data, projected

24  and actual sales data, production data, matters relating to mergers and

25  acquisitions, and data which touch upon the topic of price, provided such

26  information is not or has not been made generally available to the public.

27      b.      Definition of "Confidential – Attorneys Only":

28  "Confidential – Attorneys Only" information is defined as "Confidential"

1    information, the disclosure of which would give any Person or entity to

2    which the information was disclosed an unfair competitive advantage.

3              c.      "Confidential Information" shall refer to all information

4    that is subject to the designations "Confidential" or "Confidential –

5    Attorneys Only."

6              d.      "Document" means all written, recorded, graphic material,

7    or electronic data whether produced or created by a party or another Person,

8    whether produced pursuant to Rule 34, subpoena, by agreement, or

9    otherwise, including without limitation interrogatory answers, responses to

10   requests for admission, deposition transcripts and exhibits, pleadings,

11   motions, affidavits, and briefs that quote, summarize, or contain materials

12   entitled to protection.

13       3.    Scope of Order:  This Protective Order governs the handling of

14   Confidential Information, including Documents, testimony, and other

15   information, including all copies, excerpts, and summaries thereof, produced,

16   given, or filed during discovery and other proceedings in this action,

17   including Confidential Information produced, given, or filed prior to the date

18   of this Protective Order.

19       4.    Persons Subject to Order:  The provisions of this Protective

20   Order shall apply to the parties to this action, and any other Person

21   producing or disclosing Confidential Information in this action who agrees

22   or is ordered to be bound by this Protective Order.  As used herein, "Person"

23   includes both the named parties and third parties who have agreed or been

24   ordered to be bound by this Protective Order.

25       5.    Designation of Confidential Information:  Any party and anyone

26   who produces, gives, or files Confidential Information may designate

27   information as Confidential Information if it meets the definitions stated in

28   Paragraph 2.

1          a.       Designation of Documents:  Documents may be designated

2   as Confidential Information by stamping "Confidential" or "Confidential –

3   Attorneys Only" on each page prior to production.  Information which is

4   designated "Confidential" or "Confidential – Attorneys Only" shall be used

5   by the parties to this action and/or their attorneys solely as described in

6   Paragraphs 6 and 7 below.

7          b.       Designation of Deposition Testimony:  Deposition

8   testimony may be designated, in whole or in part, as Confidential

9   Information within ten (10) days after receiving the deposition transcript or

10  by oral designation on the record, in which case the Person making the

11  designation shall instruct the Court Reporter to separately bind the

12  "Confidential" or "Confidential – Attorneys Only" portions of the deposition

13  transcript and shall instruct the Court Reporter to stamp the words

14  "Confidential" or "Confidential – Attorneys Only" as appropriate, on each

15  page.  Whenever any Documents, information or other things designated as

16  "Confidential - Attorneys Only" are to be discussed or disclosed in a

17  deposition, any party claiming such confidentiality may exclude from the

18  room any Person who is not entitled to receive Documents, information or

19  other things designated as "Confidential – Attorneys Only."

20         c.       Subsequent Designation:  Documents, deposition

21  transcripts, and other information may be designated as "Confidential" or

22  "Confidential – Attorneys Only" pursuant to 5(a) and (b) above, after they

23  have been produced, or in the case of deposition testimony, after the

24  transcript has been received and ten (10) days have passed, without having

25  been so designated only under the following conditions:

26             i.       Persons to whom such Documents, testimony, or

27  other information have been disclosed must be advised in writing, with

28  affirmative acknowledgment of receipt in writing, of the new designation;

1              ii.      The new designation applies only as of the date and

2    time of receipt of notice by each Person notified;

3              iii.      Persons to whom such Documents, testimony, or

4    other information have been disclosed shall not be responsible for any

5    disclosure to third parties occurring before receipt of notice described in

6    Paragraph 5(c)(i); and

7              iv.      Persons to whom such Documents, testimony, or

8    other information have been disclosed must be provided with another copy of

9    the Documents, deposition testimony, or other information that bears the

10   designation.

11        6.      Use of Confidential Information:  All Confidential Information

12   that is produced in the course of discovery proceedings herein or otherwise

13   used in this action shall be used only for the purpose of preparing for and

14   conducting this action (including appeals) and not for any business or other

15   purpose whatsoever, and shall not be given, shown, or made available or

16   communicated in any way to anyone except those specified below who have

17   read and are bound by the terms of this Protective Order, and to whom it is

18   necessary that such Confidential Information be given or shown for the

19   purposes permitted under this paragraph.  The Persons to whom Confidential

20   Information is disclosed shall, before such disclosure (a) agree to be bound

21   by this Protective Order by signing a copy of the acknowledgment form

22   attached as Exhibit A and (b) be advised that the violation of the terms of

23   this Protective Order (by use of the Confidential Information for business

24   purposes or in any other impermissible manner) will constitute a violation of

25   this Protective Order and may constitute contempt of Court, either of which

26   will subject the violator to damages, sanctions, and/or other penalties.

27

28

1        7.        <u>Persons To Whom Confidential Information May Be Disclosed</u>:

2              a.      "Confidential" information:  Except as otherwise provided

3    by this Protective Order, information designated as "Confidential" shall be

4    disclosed only to:

5                    i.      Counsel of record for the parties in this action,

6    clerical, paralegal and other staff employed by such counsel or parties and

7    any independent experts or independent consultants who are assisting in the

8    prosecution or defense of this action;

9                    ii.      Such officers, directors, or employees of the parties,

10   as counsel, in good faith, requires to provide assistance in the prosecution or

11   defense of this action, and for no other purpose;

12                   iii.      The Court and court personnel (in the manner

13   provided by Paragraph 8 hereof);

14                   iv.      Any other Person to whom the producing Person

15   agrees in writing;

16                   v.      Witnesses at deposition (where such witness is

17   employed by the party making the designation) or trial; and

18                   vi.      Court reporters employed in connection with this

19   action.

20              b.      "Confidential – Attorneys Only" information:  Except as

21   otherwise provided by this Protective Order, information designated as

22   "Confidential – Attorneys Only" shall be disclosed only to counsel of record

23   for the parties in this action, clerical, paralegal, and other staff employed by

24   such counsel, including not more than five outside experts or consultants,

25   together with their clerical personnel, who are retained by a Party in

26   connection with preparation for trial or trial in this litigation.  Before

27   disclosure to any such expert or consultant, the Person to whom such

28   information is to be disclosed shall execute and deliver to the counsel of

1   record making the disclosure a written Certificate of Confidentiality, in the

2   form attached hereto as Exhibit A, a copy of which shall be sent to the

3   designating party at the conclusion of this litigation.  Such "Confidential –

4   Attorneys Only" information shall not be disclosed to any other Person or

5   entity, including the parties to this action.

6               c.      Disclosure of Confidential Transcripts to the Deponent:

7   Deposition transcripts containing Confidential Information may be shown to

8   the deponent for the purposes of correction, but the deponent may not retain

9   a copy of the transcript unless the deponent agrees to be bound by this

10  Protective Order by signing a copy of the acknowledgment form.

11       8.      Motions:  For applications and motions to the Court, a party

12  seeking to submit Confidential Information of the other party to the Court

13  must first request that the Court issue an order permitting that all Documents

14  containing "Confidential" or "Confidential – Attorneys Only" information

15  may be filed under seal pursuant to Local Rule 39-141, unless the party that

16  designated the Documents as such agrees that the Documents may be filed

17  without such an order.

18       9.      Challenging a Designation:

19               a.      A party may object to the treatment of a Document as

20  "Confidential" or "Confidential – Attorneys Only" as defined in Paragraph 5

21  herein.  Whenever a party objects to the treatment of a Document as

22  "Confidential" or "Confidential – Attorneys Only" as defined in paragraph 5

23  herein, it shall, in writing, so inform the party seeking "Confidential" or

24  "Confidential – Attorneys Only" treatment, providing its reasons for such

25  objection.  Thereafter, the parties shall meet and confer to attempt to resolve

26  the objection.

27

28

1        b.      If after meeting and conferring, no agreement as to the

2    designation has been reached, the objecting party may bring a motion

3    seeking redesignation.

4        10.    No Waiver:  Producing or receiving materials or otherwise

5    complying with the terms of this Protective Order shall not:

6        a.      Operate as an admission by any party that any particular

7    information contains or reflects trade secrets, proprietary, or commercially

8    sensitive information, or other confidential matter; or

9        b.      Prejudice in any way the rights of any party to object to

10   the production of Documents it considers not subject to discovery; or

11       c.      Prejudice in any way the rights of any party to object to

12   the authenticity or admissibility into evidence of any Document, testimony

13   or evidence subject to this Protective Order; or

14       d.      Prejudice in any way the rights of a party to seek

15   determination by this Court:

16              (i)     whether particular information should be produced;

17   or

18              (ii)    if produced, whether such information should be

19   subject to the terms of the this Protective Order; or

20       e.      Prejudice in any way the rights of a party to apply to this

21   Court for a further protective order relating to any information; or

22       f.      Prevent the parties to this Protective Order from agreeing

23   in writing to alter or waive the provisions or protections provided for herein

24   with respect to any particular information.

25       11.    Return of Information:  At the conclusion of this litigation, all

26   Documents or transcripts designated "Confidential" or "Confidential –

27   Attorneys Only" and all copies thereof, shall be returned to the owner of the

28   same.  In addition, copies of summaries or other materials containing or

1    disclosing information contained in "Confidential" or "Confidential –

2    Attorneys Only" Documents or transcripts shall be returned to the owner of

3    the same, except that any such copies of summaries or other materials that

4    constitute attorney work product shall be maintained by the attorney or law

5    firm creating such work product, and shall remain subject to this Protective

6    Order.  This Order shall continue to be binding after the conclusion of this

7    litigation, except that, unless otherwise ordered by this Court, there shall be

8    no restriction on Documents or transcripts that are (a) used as exhibits

9    and/or offered into evidence at the trial of this action, and (b) not covered by

10   any subsequent and inclusive confidentiality order.  Further, unless

11   otherwise ordered by this Court, there shall be no restriction on Documents

12   that are disclosed to the public.

13          12.    <u>Improper Disclosure</u>:

14          The parties and their counsel shall have the duty to use reasonable care

15   and precaution to protect the confidentiality of material covered by this

16   Protective Order.  If Confidential Information submitted in accordance with

17   the terms of this Protective Order is disclosed to any Person other than in the

18   manner authorized by the terms herein, the party and Person responsible for

19   the disclosure must immediately bring all pertinent facts relating to such

20   disclosure to the attention of the party producing such information and,

21   without prejudice to any other rights of the designating Person, make every

22   effort to prevent further disclosure by it or by the Person(s) to whom such

23   information was disclosed.

24          13.    <u>Greater Protection</u>:  Nothing contained herein shall preclude any

25   party to the Stipulation from seeking to secure from the Court greater

26   protection for particular information.

27

28

1    Dated:  February 28, 2007        PILLSBURY WINTHROP SHAW PITTMAN
                                      LLP
2

3                                     By ___/s/___ Michael J. Daponde_____
                                                Michael J. Daponde
4                                     Attorneys for Defendant
                                      TIRE & WHEEL OUTLET
5

6    Dated:  February 28, 2007        KNOBBE, MARTENS, OLSON & BEAR LLP

7
                                      By ___/s/___ John P. Giezentanner (per Feb 23,
8                                     2007 email)
                                                John P. Giezentanner
9                                     Attorneys for Plaintiff
                                      AMERICAN EAGLE WHEEL CORPORATION
10

11
                                      ORDER
12
           IT IS SO ORDERED.
13

14
     Dated:  March 1, 2007.           _____
15                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

1  EXHIBIT A

2  CERTIFICATE OF CONFIDENTIALITY

3      I, _____, declare under penalty of perjury under

4  the laws of the United States and the State of California, that:

5      1.     My address is _____.

6      2.     My present employer is _____.

7      3.     My present occupation or job description is _____

8  _____.

9      I HEREBY CERTIFY AND AGREE that I have read and understand

10  the terms of the Stipulation and Protective Order ("Protective Order") in the

11  matter of <u>American Eagle Wheel Corporation v. Tire & Wheel Outlet</u>, United

12  States District Court, Eastern District of California, Sacramento Division,

13  Case No. CIV. 06-CV-2593 LKK-EFB, that I will not use or disclose to

14  anyone any of the contents of any Confidential Information received under

15  the protection of the Protective Order, and agree to be bound by the terms

16  and conditions of the Protective Order.

17      I understand that I am to retain all copies of any of the materials that I

18  receive which have been so designated as Confidential Information in a

19  container, cabinet, drawer, room, or other safe place in a manner consistent

20  with the Protective Order, and that all copies are to remain in my custody

21  until I have completed my assigned or legal duties, whereupon the copies are

22  to be returned as specified in the Protective Order.  I acknowledge that such

23  return of such materials shall not relieve me from any of the continuing

24  obligations imposed upon me by the Protective Order.

25

26  _____          _____

    (Date)                         (Signature)

27

28

Stipulation and Protective Order.doc          - 11 -          STIPULATION AND PROTECTIVE ORDER
                                                              Case No. 06-CV-2593 LKK-EFB